```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

Lucien H. Groleau

    v.                                    Civil No. 10-cv-190-JL

American Express Financial
Advisors, Inc. (n/k/a Ameriprise
Financial Services, Inc.),
Smith, Sweeney & Associates, Inc.,
Peter H. Smith, and Jeremy Sweeney

## PROCEDURAL ORDER

The defendants have moved for judgment on the pleadings, see Fed. R. Civ. P. 12(c), arguing that plaintiff Lucien Groleau's claim for specific performance of their November 2004 arbitration agreement (made during earlier litigation before this court, see Groleau v. Am. Express Fin. Advisors, Inc., 04-cv-332-JD, document no. 8) is barred by the statute of limitations, waiver, and laches.  The court has undertaken active consideration of the motion and hereby notifies the parties that it will hear oral argument on **November 23, 2010 at 10:30 AM**.

To assist the court in preparing for oral argument, the parties shall submit supplemental briefs on the following issue by **November 12, 2010:**  whether the defenses of waiver and laches are for the court to resolve, or for the arbitrator.  See, e.g., Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007) (stating that waiver and laches defenses to an arbitration

agreement generally "fall into [the] category of threshold issues for the arbitrator" to resolve).  The supplemental briefs shall be limited to 15 pages each, excluding exhibits.

No further briefing or oral argument is necessary on the statute of limitations defense.  Under New Hampshire law, the limitations period for a breach of contract claim is three years, see N.H. Rev. Stat. § 508:4, and it "begins to run at the time of the breach," i.e., "when there is a failure, without legal excuse, to perform any promise which forms the whole or part of a contract."  W. Gate Vill. Ass'n v. Dubois, 145 N.H. 293, 298 (2000).  Here, the defendants did not refuse to honor the arbitration agreement until February 2010, at the earliest.[1] Groleau filed suit three months later.  So his claim for specific performance of the arbitration agreement is not barred by the statute of limitations.  To that extent, the defendants' motion for judgment on the pleadings[2] is DENIED.

---

[1] Contrary to what the defendants suggest, the administrative closure of Groleau's earlier case, see Groleau, 04-cv-332-JD, document no. 21, was neither a "dismissal" of that case nor a breach of the arbitration agreement. See, e.g., Lehman v. Revolution Portfolio, LLC, 166 F.3d 389, 392 (1st Cir. 1999) ("Properly understood, an administrative closing has no effect other than to remove a case from the court's active docket.").

[2] Document no. 16.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: October 20, 2010

cc: James C. Wheat, Esq.
David Viens, Esq.
Louis M. Ciavarra, Esq.
James M. Callahan, Esq.